IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| T.B., A MINOR, BY HER NEXT FRIEND AND PARENT, T.B.; | ) ) ) | |
| Plaintiff, | ) ) ) | 2:15-CV-00606-CRE |
| vs. | ) ) | |
| NEW KENSINGTON-ARNOLD SCHOOL DISTRICT, | ) ) ) ) | |
| Defendant, | ) | |

## **MEMORANDUM ORDER**

CYNTHIA REED EDDY, United States Magistrate Judge.

AND NOW, this 5th day of July, 2017, the following came before the court for consideration:

(1) Plaintiff's motion in limine to recognize witnesses as adverse and examine as if on cross examination [ECF No. 69];

(2) Plaintiff's motion in limine to exclude testimony or evidence of Plaintiff's mother's verbal altercation with teacher [ECF No. 70];

(3) Plaintiff's motion in limine to exclude video of bus stop incident and fight [ECF No. 71];

(4) Defendant's motion in limine to exclude evidence of alleged Facebook post [ECF No. 72];

(5) Defendant's motion in limine to exclude evidence that contradicts guilty plea [ECF No. 74]; and

(6) Defendant's motion in limine to exclude testimony of Michele R. Konopisos [ECF No. 76].

The motions are fully briefed and ripe for disposition. Each motion will be addressed seriatim.

1

1. **Plaintiff's motion in limine to recognize witnesses as adverse and examine as if on cross examination [ECF No. 69]**

    Plaintiff's motion in limine to recognize witnesses as adverse and examine as if on cross examination is **GRANTED**. Plaintiff's motion is unopposed. Plaintiff may call School District personnel in her case in chief and recognize such witnesses as adverse witnesses and use leading questions as if on cross-examination. The scope of the examinations shall be confined to the witnesses' knowledge of District policies and procedures concerning bullying and sexual harassment and their role in implementing and enforcing such policies and procedures. Defendant may examine these witnesses during Plaintiff's case in chief as if calling the witness during the Defendant's case in chief. Plaintiff may then re-direct the witness as if on cross-examination in Defendant's case in chief relating to the subject matter of the testimony developed by defense counsel on direct. Any further questioning will be subject to the undersigned's discretion at trial.

2. **Plaintiff's motion in limine to exclude testimony or evidence of Plaintiff's mother's verbal altercation with teacher [ECF No. 70]**

    Plaintiff's motion in limine to exclude testimony or evidence of Plaintiff's mother's verbal altercation with teacher is **GRANTED**. Any testimony or evidence relating to the altercation between Ms. LaCava and Plaintiff's mother at the local convenience store is excluded as it is not probative of or relevant to proving or disproving any element of Plaintiff's alleged Title IX violation under Federal Rule of Evidence ("F.R.E") 401 and 403. However, this order does not preclude any testimony or evidence relating to any parent-teacher conference between Plaintiff's mother and Ms. LaCava, as such evidence or testimony is relevant in determining whether the School District acted with deliberate indifference.

3. **Plaintiff's motion in limine to exclude video of bus stop incident and fight [ECF No. 71]**

Plaintiff's motion in limine to exclude video of bus stop incident and fight is **GRANTED IN PART.** Defendant may not use the video of the bus stop incident and fight as it is unfairly prejudicial to the Plaintiff under F.R.E. 403 and has the potential of confusing the jury in making their determination of whether Plaintiff was subjected to peer-on-peer sexual harassment in violation of Title IX. Defendant may, however, use the video for impeachment purposes, subject to the court's discretion and any renewed objection at trial.

4. **Defendant's motion in limine to exclude evidence of alleged Facebook post [ECF No. 72]**

Defendant's motion in limine to exclude evidence of alleged Facebook post is **DENIED**. The statements made in the Facebook post are not hearsay under F.R.E. 801, as the statements are not asserted for their truth, but rather are evidence of Plaintiff's harassment. Further, testimony concerning this Facebook post is relevant under F.R.E. 401 as it tends to prove that Plaintiff was harassed by her peers. Defendant's argument that the Facebook post could not have been created during the school day because students cannot access Facebook on the district's server is unconvincing, as students have the ability to access Facebook and other social media sites through their personal electronic devices during the school day, regardless of whether the School District blocks such access on its servers. Further, there is evidence that students harassed Plaintiff with regards to this Facebook post while Plaintiff was in school, and that students spread rumors of the Facebook post during school hours, thus it is relevant to show peer-to-peer harassment within the purview of Title IX. Defendant's argument that it did not have the authority to rectify out of school behavior by punishing the student who created the Facebook post is not at issue here. Any confusion regarding the School District's obligations to address sexual harassment will be resolved by an appropriate jury instruction.

5. **Defendant's motion in limine to exclude evidence that contradicts guilty plea [ECF No. 74]**

Defendant's motion in limine to exclude evidence that contradicts guilty plea is **DENIED**. To the extent that Defendant seeks to offer evidence of Plaintiff's juvenile adjudication for impeachment purposes, Defendant is precluded from doing so under F.R.E. 609(d). *See Powell v. Levit*, 640 F.2d 239, 241 (9th Cir.1981) ("The trial court has no discretion to admit [juvenile adjudication] evidence in a civil proceeding."); *see also* 28 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 6138 (2008) ("[T]he legislative history of subdivision (d) clearly reflects the intent of Congress to permit exceptions only in criminal cases.").

6. **Defendant's motion in limine to exclude testomy of Michele R. Konopisos [ECF No. 76]**

Defendant's motion in limine to exclude the testimony of Michele R. Konopisos is **DENIED** without prejudice as moot. Plaintiff indicated in her response that she does not intend to call Ms. Konopisos at a witness in her case-in-chief. Should Plaintiff attempt to call Michele R. Konopisos as a witness, Defendant may renew its objection at that time.

So ordered.

DATED this 5th day of July, 2017.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge